UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARINA AISPURO-CROWHURST,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>Defendant. | No. 2:22-cv-01850-CKD<br><br>ORDER |

    Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

    Plaintiff, born in 1962, applied on January 3, 2020 for DIB, alleging disability beginning October 29, 2019. Administrative Transcript ("AT") 26, 43. Plaintiff alleged she was unable to work due to neck, hip, and tailbone pain. AT 195, 225. In a decision dated June 1, 2021, the ALJ

1

determined that plaintiff was not disabled.[1]  AT 26-35.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through September 30, 2024.
>
> 2.  The claimant has not engaged in substantial gainful activity since October 29, 2019, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: degenerative disc disease of the thoracic, cervical, and lumbar spine; myofascial pain syndrome.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

     5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that she can occasionally perform postural activities. She should not work at heights or with heavy hazardous machinery as safety precautions. She needs a sit/stand option that allow[s] her to periodically, momentarily sit.

     6. The claimant is capable of performing past relevant work as a real estate agent (DOT # 250.357-018, light, SVP 5). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

     7. The claimant has not been under a disability, as defined in the Social Security Act, from October 29, 2019, through the date of this decision.

AT 28-34.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in failing to define "periodically/momentarily sit" in the hypothetical question to the vocational expert (VE) and/or the residual functional capacity (RFC); (2) the ALJ erred in discounting plaintiff's subjective pain testimony; and (3) the mental RFC did not incorporate plaintiff's diagnosis of paranoia.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Sit-Stand Option

The RFC allowed plaintiff to perform light work with a sit/stand option "that allow[s] her to periodically, momentarily sit." Plaintiff asserts that the ALJ did not sufficiently define this term, in that the ALJ "failed to describe the maximum amount of standing and sitting Plaintiff may engage in" in an eight-hour workday. ECF No. 15 at 7.

At the March 9, 2021 hearing, the ALJ posed a hypothetical to the VE about an individual who can "perform light work [and] can occasionally perform postural activities."[2] AT 67. The ALJ added that this hypothetical worker "needed a sit/stand option momentarily to periodically sit. So not standing for prolonged periods." AT 67. The VE responded that such an individual could perform plaintiff's past work as a realtor. AT 67. Relying on VE testimony, the ALJ found that plaintiff could perform her past work as a real estate agent. AT 34.

Plaintiff argues that the ALJ's hypothetical was "vague and ambiguous" about the limitations on sitting and standing, and that this error was harmful because plaintiff's age made her a candidate for sedentary work if the sit/stand finding were different. The problem for plaintiff is that nothing in her testimony suggested she needed to sit for a greater portion of the

---

[2] Light work requires lifting 20 pounds occasionally and 10 pounds frequently; even if the job does not require lifting, it is classified as light work if it "requires a good deal of walking or standing," defined as no more than six hours in an eight-hour workday, or when it is a predominately seated job with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567.(b).

4

day than "periodically and momentarily." In fact, plaintiff testified repeatedly to an inability to sit for very long and said that she was more comfortable standing. See AT 55 (plaintiff received special accommodations in a college class "because a lot of times, I have to stand up. I can't sit down that long . . . So I had to get a paper saying that I could stand up when the pain persists"); 56 (plaintiff could sit for between five minutes and two hours at a time, depending on the type of chair); 57 (plaintiff experienced visible swelling "if I sit down too long"); 60 (plaintiff used a standing desk so she could "work a little longer than sitting down, so I feel more comfortable"); 61 (plaintiff had to take breaks from driving and "just walk around"). Plaintiff's reported use of a standing desk and inability to sit for long periods do not appear to contradict the sit/stand language in the RFC, and plaintiff has not shown harmful error on this basis.

B. Credibility

Plaintiff next argues that the ALJ erred in discounting her testimony about pain and the need to frequently alternate between positions due to pain. She asserts that, if this testimony had been properly credited, she would have been found to require excessive breaks, i.e., be off-task 20 percent or more of the time, which would preclude full-time employment. ECF No. 15 at 13-14.

The ALJ summarized plaintiff's allegations as follows:

> She alleged disability due to neck pain and swelling and six herniated discs. She alleged that she cannot sit that long. In an exertion questionnaire, she alleged that her neck swells due to herniated discs. She cannot carry much. Bending over for longer than 5 minutes hurts her back. She has difficulty finishing household chores. She takes Norco three times daily for pain. She testified that she stopped working due to pain in her neck and back. Medications helped, but did not remove the pain. She takes college courses, and receives special accommodations, allowing her to stand up when in pain. She cannot work for long. She gets assistance with paper work for her real estate work. She drives, but needs to take breaks to walk around. She can drive to Fairfield and back, one and one half hours.

AT 31 (record citations omitted). The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "were not entirely consistent with the medical evidence and other evidence of record" for reasons explained in the decision. AT 31.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g.,

Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); see also Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).  This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]" Lambert, 980 F.3d at 1277.  However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility.  Id. at 1277–78.

Here, after making an adverse credibility finding, the ALJ summarized plaintiff's history of seeking treatment for back and neck pain between September 2019 and February 2021, roughly corresponding to the period of her alleged disability.  AT 31-32.  The ALJ noted that, in September 2019, a treatment provider found plaintiff's pain to be 80 percent improved by her current regimen as to pain, range of motion, and daily activities.  AT 31, citing AT 344.  At a

1  November 2019 follow-up visit, the ALJ noted, plaintiff stated that her pain was stable despite the
2  colder weather, and she was doing "really well." AT 32, citing AT 320.  The ALJ further noted
3  that, at medical appointments in March and June 2020, plaintiff reported working in real estate,
4  though her exams showed spinal tenderness; she continued to report pain and said she wanted to
5  stop working due to pain.  AT 32 (record citations omitted).  The ALJ also noted February 2021
6  MRI findings showing degenerative changes in the lumbar and cervical spine.  AT 32 (record
7  citations omitted). The ALJ did not connect plaintiff's treatment history with her subjective
8  statements; thus, without more, this summary of the medical evidence would not be sufficient to
9  discount plaintiff's credibility.

10  "As for the claimant's statements about the intensity, persistence, and limiting effects of
11  her symptoms," the ALJ continued,

> they are inconsistent because she reported that she "[loved] stairs," and that she climbs stairs every day.  She can carry a 24-bottle case from her car to upstairs.  She also loads water from her basement to her car.  She goes grocery shopping and does light housework.  She drives a car for two hours, sometimes less, and uses a seat warmer.[3] In September 2019 and June 2020, she reported 80% improvement with her current regimen with improved pain.[4]  In November 2019, she reported that she was 'doing really well' and that she '[loved] real estate,' and that she was back in school studying writing and film TV.[5]  In March 2020, she reported that she was 'back in real estate now,' that she was doing 'some door knocking to get leads,' that she was stable on Norco three times per day, and that she was staying active.[6]  In June 2020, she reported that she was "working a lot and very active right now in real estate."  Her pain was reportedly worse (4/10 rating) due to being "very busy with work."  She had normal range of motion of her spine.[7]

AT 32-33.

As with the medical evidence, the ALJ failed to connect these assorted pieces of evidence

---

[3] Citing AT 235-237 (February 2020 exertion questionnaire).

[4] Record citations omitted; see above.

[5] Citing AT 320.

[6] Citing AT 386.

[7] Some record citations omitted.

to plaintiff's allegations of persistent pain in her neck, shoulder, middle and lower back.  See AT 53 (hearing transcript).  Under Lambert, it is not enough to simply note parts of the record without explaining, at least in a general way, why they undermine the credibility of plaintiff's statements.  980 F.3d at 1277–78; see Wade, 850 F. App'x at 569 (merely summarizing claimant's testimony about her limitations, and later mentioning that her symptoms improved with medication and treatment, is reversible error).

Moreover, in light of plaintiff's testimony suggesting she would be off-task for a significant amount of time due to pain, the error is not harmless.  Plaintiff testified that, while she could do real estate paperwork despite her symptoms,

> [i]t just takes me a lot longer, so instead of taking me an hour, you know, sometimes I'll . . . take breaks in between and take a nap if I need to, walk around, pace back and forth, whatever I need to do, but I get it done [with the help of an assistant].

AT 59.  Plaintiff also testified that, while driving, she had to "take breaks and pull over somewhere and just walk around" to relieve pain.  AT 61.  While the ALJ cites evidence that plaintiff could do short-term physical tasks (i.e., climb stairs, carry water), the credibility analysis does not address plaintiff's testimony, as summarized in the decision, that "[s]he cannot work for long."  AT 31; see 237 (indicating plaintiff has difficulty finishing chores and stops doing them when she feels pain).  Plaintiff is entitled to summary judgment on this claim.[8]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

---

[8] The court does not reach the remaining claim.

1  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the

2  "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

3  the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

4  the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

5  403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

6  proceedings would serve no useful purpose, it may not remand with a direction to provide

7  benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.

8  2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the

9  proper approach is to remand the case to the agency.").

10       Here, the record as a whole creates serious doubt as to whether the claimant was, in fact,

11  disabled during the relevant period.  On remand, the ALJ is free to develop the record as needed,

12  including asking a vocational expert hypothetical questions about available jobs based on a

13  revised RFC.  The court expresses no opinion regarding how the evidence should ultimately be

14  weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not

15  instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find

16  plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some

17  type of closed period of disability benefits; or may find that plaintiff was never disabled during

18  the relevant period, provided that the ALJ's determination complies with applicable legal

19  standards and is supported by the record as a whole.

20       Accordingly, IT IS HEREBY ORDERED THAT:

21      1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

22      2. The Commissioner's cross motion for summary judgment (ECF No. 21) is denied;

23      3. The Clerk of Court shall enter judgment for plaintiff; and

24      4. This matter is remanded for further administrative proceedings consistent with this

25         order.

26  Dated: March 4, 2024

27  2/aispuro1850.dib.ckd

                                   CAROLYN K. DELANEY
                                   UNITED STATES MAGISTRATE JUDGE